J-A04045-22

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| BRIAN D. BAUR | : | |
| | : | |
| Appellant | : | No. 1276 EDA 2021 |

Appeal from the PCRA Order Entered May 24, 2021
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s): CP-51-CR-0010543-2014

BEFORE: LAZARUS, J., NICHOLS, J., and McLAUGHLIN, J.

MEMORANDUM BY McLAUGHLIN, J.: **FILED SEPTEMBER 29, 2022**

Brian D. Baur appeals from the order dismissing in part his first Post Conviction Relief Act ("PCRA") petition, 42 Pa.C.S.A. §§ 9541-9546. We affirm.

In August 2014, Baur shot and killed Richard Hull. Baur allegedly believed Hull was attempting to steal his truck. A jury found Baur guilty of third-degree murder, and the trial court sentenced him to 20 to 40 years' incarceration. The court permitted trial counsel to withdraw, and another lawyer, Baur's sister, entered her appearance and has represented him through the present appeal. Baur did not file post-sentence motions but did file a direct appeal. This Court affirmed, finding many issues either unpreserved, properly deferred to collateral review, or inadequately developed. *See Commonwealth v. Baur*, No. 1185 EDA 2016, 2017 WL 6545500, at *3-4, (Pa.Super. 2017) (unpublished memorandum). We

deferred to the trial court's disposition on the remaining issues. *Id.* at *4. The Pennsylvania Supreme Court denied allowance of appeal on July 18, 2018, and the United States Supreme Court denied his writ of *certiorari* on May 13, 2019.

Less than one year later, on March 29, 2020, Baur filed the instant PCRA petition, his first.[1] As explained above, the same attorney who represented him on direct appeal filed the PCRA petition on his behalf. The petition set forth ineffectiveness claims against Baur's trial counsel and alleged Baur's sentence was illegal because the court had failed to award him credit for time served. The Commonwealth responded that the ineffectiveness claims were meritless but agreed that Baur was entitled to time credit.

At a hearing, the court stated its intent to colloquy Baur about his right to PCRA counsel on his first petition, his potential waiver of any ineffectiveness claims he failed to raise in a timely PCRA petition, and his inability to raise ineffectiveness claims against direct appeal counsel while that same counsel was representing him. Counsel objected and claimed a colloquy would be "a breach of judicial conduct, a violation of attorney-client privilege, a conflict of interest and attempt to control the attorney in [Baur]'s PCRA, or an insult to Counsel's intelligence." PCRA Ct. Op., filed July 23, 2021, at 8 (footnote omitted). Counsel moved for recusal, which the court denied. The court ultimately did not conduct the colloquy because Baur was not present at the

---

[1] Baur filed a PCRA petition in April 2017, before his direct appeal had concluded. The PCRA court dismissed it as premature.

hearing and was not available via videoconferencing due to COVID-19 pandemic restrictions. *See id.* at 6 n.9.

The PCRA court granted relief in part and awarded Baur credit for time served. It issued a Pa.R.Crim.P. 907 notice of intent to dismiss the remainder of the petition without an evidentiary hearing, and later dismissed it. Baur timely appealed.

The PCRA court reviewed the issues Baur raised in his petition and explained in its Rule 1925(a) opinion why it found them lacking in merit, aside from the time-credit issue on which it granted relief. PCRA Ct Op. at 9-18. It found several issues previously litigated, waived, or undeveloped. *See id.* at 17-18. The court suggested that we remand so it could "colloquy [Baur] regarding what claims and rights he forfeits by maintaining Counsel as both his Appella[te] and PCRA Counsel." *Id.* at 4.

We agreed and ordered a remand. *See Commonwealth v. Baur*, No. 1276 EDA 2021, 2022 WL 3653418, at *3 (Pa.Super. 2022) (unpublished memorandum). The PCRA court determined on remand that Baur knowingly, intelligently, and voluntarily elected to maintain his present counsel. Response to Order, 8/15/22, at 1. We now turn to the merits of the appeal.

Baur's statement of questions involved reads as follows:

Whether the [PCRA] Judge (the Hon. Tracy Brandeis Roman) abused her discretion by Dismissing Defendant's [PCRA] Petition as Meritless? Defendant argues, the fact that the Judge tried to issue a "correction" of Defendant's sentence of April 8, 2016[,] and then, when counsel for Defendant would not agree, tried to get rid of Defendant's counsel[2], is sufficient to demonstrate an abuse of discretion by trying to control the outcome of the case.

J-A04045-22

> *Williams v. Pennsylvania*, 579 U.S. 1, 136 S.Ct. 1899, 195 L.Ed.2d 132 (U.S. June 9, 2016). Defendant believes the very fact that the Judge tried to have Defendant's counsel agree[3] to a "correction" proves all by itself that the Petition had merit and thus should not have been dismissed by her own admission. The Order issued by Judge Brandeis Roman on May 24th 2021[,] as well as the Opinion of July 23, 2021[,] should be vacated.
>
> > [2] If Defendant's counsel was removed or if Defendant's counsel had "agreed" to step aside Judge Brandeis Roman could choose Defendant's counsel's replacement under Order No. 1 of 2017 of Administrative Governing Board of First Judicial District of Pennsylvania dated June 26[,] 2017. This Order refers to "court-appointed conflict counsel" which is really a way to have people they choose to get paid and to preserve their arbitrary "specialty classifications" of attorneys and thus preserve an arbitrary level of income and avoid allegations of police, prosecutorial and judicial misconduct. Philadelphia Local Rule 122, et seq. effective December 2, 2019.
> >
> > [3] An agreement is different from an adjudication. An agreement is preferable as it ends the litigation without the possibility of appeal. In this case there is a fine of $25,000 being charged to Defendant as part of his sentence. The City would be able to collect the fine as soon as the judgment is final. In this case the Judge specifically rejected any argument that would vacate the sentence and allow for resentencing. Failure to vacate the sentence and insistence on correcting the sentence further demonstrates Judge Brandeis Roman's bias against Defendant.

Baur's Br. at 4-5.

We review the denial of PCRA relief to determine whether it is supported by the record and free of legal error. *Commonwealth v. Hart*, 199 A.3d 475, 481 (Pa.Super. 2018). "We review the PCRA court's legal conclusions *de novo*." *Id.* If the PCRA court denied relief without an evidentiary hearing, we

- 4 -

determine whether the PCRA court erred in determining there were no genuine issues of material fact. *Id.*

Baur's brief is difficult to understand. We have endeavored to identify his arguments and will address them as we understand them. To the extent Baur contends that we have misunderstood, his claims are waived.

Baur claims in his statement of questions involved that the PCRA court abused its discretion by dismissing his petition as meritless. He asserts that the abuse of discretion is evident in the fact that the court attempted to "correct" his sentence and when counsel would not agree, the court improperly attempted to remove counsel. Baur's Br. at 4. He argues that the court dismissed his petition "in retaliation for [his] recusal request," and that its suggestion that this Court remand for a colloquy on Baur's right to counsel "constitute[s] unnecessary delay." *Id.* at 11, 13.

Baur has failed to advance any argument related to the issues he raised in his PCRA petition. Baur's suggestion that the PCRA court's alleged attempt to "get rid of" defense counsel demonstrates an abuse of discretion lacks the slightest merit. The record does not show that the PCRA court was trying to "get rid of" defense counsel. Rather, the court properly sought to colloquy Baur about the implications of having the same lawyer who represented him in the direct appeal continuing to represent him on PCRA. Doing so was appropriate because an attorney may not assert her own ineffectiveness. *See Commonwealth v. Spotz*, 18 A.3d 244, 329 n.52 (Pa. 2011); *Baur*, 2022 WL 3653418 at *2.

- 5 -

Order affirmed.

*Judgment Entered.*

*Joseph D. Seletyn, Esq.*
*Prothonotary*

*Date: 9/29/2022*